THE HUDSON COUNTY CATHOLIC PROTECTORY v. THE BOARD OF TOWNSHIP COMMITTEE OF THE TOWNSHIP OF KEARNEY.

1. A general act providing for the manner in which assessments for benefits derived from public improvements shall be made, supersedes and annuls all special and local laws on the same subject.
2. But a general act which simply provides that assessments for the cost of such improvements shall be made upon all land and real estate benefited thereby, will not repeal an exemption from assessments contained in the charter of a private corporation.
3. The charter of a private corporation which provides that the property and effects of the corporation shall be exempt from the imposition of any tax or assessment, will exempt such corporation from assessments for benefits derived from public improvements as well as from taxation for purposes of general revenue. *Protestant Foster Home* v. *Newark,* 7 *Vroom* 478, followed.

On *certiorari* to review an assessment for benefits.

Argued at November Term, 1893, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutor, *Washington B. Williams.*

Contra, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

DEPUE, J. The assessment brought up by this writ of *certiorari* was made for grading, curbing, flagging and paving Belgrave drive, in the township of Kearney.

The prosecutor is a charitable society, incorporated by an act passed April 4th, 1872. *Pamph. L., p.* 1182. Section 5 of its charter is in these words: "The property and effects of the said corporation held and used for the purposes contemplated by this act shall be exempt from the imposition of any tax or assessment; provided, however, that the number of acres of land to be exempted shall not exceed twenty acres,

and the amount of personal property to be so exempted shall not exceed $10,000."

The assessment was made upon a lot of land containing about two and a half acres, parcel of a tract owned by the prosecutor, containing in all about twelve acres, on which the protectory buildings are erected, all of which is used for the purposes contemplated by the charter.

The words " tax or assessment," in the prosecutor's charter, include as well assessments for benefits derived from public improvements as taxes levied for general revenue. It was so decided by the Court of Errors and Appeals in *Protestant Foster Home* v. *Newark*, 7 *Vroom* 478. The assessment as well as the property on which it was laid are within the exemption contained in the company's charter.

By a special act applicable to the township of Kearney, the township committee was authorized by ordinance to lay out and improve the streets, avenues and public roads in the township, and to cause assessments to be made upon lands specially benefited to defray the costs thereof, which assessments were to be made by commissioners of assessment to be appointed, and to proceed in the manner specially pointed out by the act. *Pamph. L.* 1871, *p.* 1371.

In 1877, and after the constitutional amendments were adopted, a general act was passed, entitled "An act in relation to assessments in townships," approved March 9th, 1877. *Rev., p.* 1204. This act provided a method of making assessments for improvements in all cases by commissioners appointed by the Circuit Court and by a procedure prescribed by the act. This act was amended in one of its sections by an act passed in 1893. *Pamph. L., p.* 379. This later legislation superseded and annulled the special law previously in force in the township of Kearney. *Hoetzel* v. *East Orange*, 21 *Vroom* 354; *Central Land Co.* v. *Mayor, &c., of Bayonne, ante, p.* 297 ; *State* v. *Passaic*, 28 *Atl. Rep.* 553.

The assessment under review was made in compliance with the act of 1877 as amended in 1893. It was laid upon the

lands of the prosecutor upon the assumption that if the later legislation superseded the special act previously in force in the township of Kearney, it also operated to repeal the provision in the prosecutor's charter which exempted its property from taxes and assessments.    In this there was error.

Under the common law canons for the construction of statutes, where there were two acts on the same general subject, both expressed in the affirmative, the later act did not repeal the former without words of express repeal, unless there was such inconsistency between the two acts as disclosed a legislative purpose to repeal the former act by implication.    The provision embodied in the constitution by the amendments of 1875, which prohibits private, local or special laws in certain enumerated cases, and requires the legislature to pass general laws in such enumerated cases, established a different rule for the construction of statutes passed upon the enumerated subjects.    A statute upon any one of the enumerated subjects, passed after the constitutional amendments became in force, must necessarily operate, *ex proprio vigore*, to supersede all special and local laws on the same subject.    Otherwise the later act would be special within the constitutional interdict. Hoetzel *v.* East Orange was decided upon this rule of construction.    The latest cases to this effect are *Central Land Co.* v. *Bayonne, supra;* *State* v. *Passaic, supra.*    Among the cases enumerated in the constitutional provision are acts regulating the internal affairs of townships, which comprise all those acts which provide for making public improvements and laying assessments therefor.    Hence the special law in force in Kearney township was annulled by the subsequent legislation, without express words of repeal.

A different rule of construction applies in the case of the charter of a private corporation as distinguished from the charter of a municipal corporation.    An exemption from taxation contained in a special charter of a private corporation may be repealed by a subsequent general act on that subject, although the latter act does not contain express words declarative of a legislative purpose to repeal private charters.

But the intention to abrogate the exemption contained in the charters of private corporations and to subject such bodies to taxation under a general act must be plainly deduced from the language in which the latter act is expressed. *State* v. *Miller*, 1 *Vroom* 368; *S. C.*, 2 *Id.* 521; *State, Morris and Essex Railroad Co.*, v. *Commissioners of Taxation*, 8 *Id.* 228; *S. C.*, 9 *Id.* 472. A legislative intent to repeal an exemption from taxation contained in the charter of a private corporation will not be inferred from a general act simply declaring that all lands should be liable to taxation and repealing all acts and parts of acts inconsistent therewith. *State* v. *Minton*, 3 *Zab.* 529; *State* v. *Branin*, *Id.* 484. The distinction between general tax laws which shall operate to repeal exemptions in private charters and those which will not have that effect is pointed out by Mr. Justice Van Syckel in *State* v. *Commissioners of Taxation*, 9 *Vroom* 472, 475, 476.

The act under which this assessment was made contains no words of express repealer, nor does it contain any language indicating a legislative purpose to subject private corporations having provisions in their charters exempting them from taxes and assessments, to assessments for public improvements. It simply provides that the commission, in making the assessments, " shall assess upon all the tracts or lots of land and real estate benefited by such improvement such proportion of such costs, damages and expenses as will amount to the benefits actually acquired by such lands and real estate," &c. It has been held, repeatedly, that a general enactment of like effect, in a general act, will not repeal an exemption contained in the charter of a private corporation. *State* v. *Minton*, *supra* ; *State* v. *Branin*, *supra* ; *State, Morris and Essex Railroad Company*, v. *Commissioners of Taxation*, *supra*.

In the Foster Home case the society was incorporated in 1849 and the assessment which was set aside was laid under the charter of the city of Newark of 1857. The assessment in that case was laid as it was in this case—under a law which, in general terms, authorized the municipality to lay

:assessments for the cost of public improvements upon lands ·specially benefited. With respect to the construction of the ·charter of the prosecutor and also as to the effect of the act under which the assessment was laid, the decision of the ·Court of Errors in the Foster Home case is conclusive.

The assessment should be set aside, with costs.